# Halferty *v.* Marsch, Appellant.

*Affidavit of defense—Sufficiency—Contracts — Subcontractor — Abandonment of work—Completion of work by defendant—Superintendence of work.*

1. In an action by a subcontractor against a contractor to recover a balance alleged to be due on work done on a railroad, an affidavit of defense was sufficient which set up that the plaintiff had abandoned the work, that defendant, as provided by the contract between them, completed it, placing in charge his general superintendent and assistant superintendent, who devoted a large part of their time to the direction of the work, and for such superintendence defendant charged a proportionate part of their salaries.

2. Whether it was necessary for the contractor to have his superintendent and assistant superintendents devote a portion of their time to the supervision of the work and, if so, how much, will be questions for a jury, as will be the reasonableness of the charge which he makes for such services, for he cannot make an arbitrary or unreasonable charge for them.

Argued Oct. 21, 1915. Appeal, No. 123, Oct. T., 1915, by defendant, from final order of C. P. Allegheny Co., July T., 1914, No. 812, making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense in case of Guy Halferty, W. F. Glasser and James B. Anderson, partners, doing business as East End Construction Company, for use of John W. Thompson, v. John Marsch. Before BROWN, C. J., MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Assumpsit for the recovery of a balance claimed to be due for work done by a subcontractor.

Rule for judgment for want of a sufficient affidavit of defense. Before CARPENTER, J.

The facts are stated in the opinion of the Supreme Court.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

138    HALFERTY *v.* MARSCH, Appellant.

*Error assigned* was in making absolute plaintiff's rule for judgment.

*Francis R. Harbison,* with him *Ernest C. Irwin* and *Watson & Freeman,* for appellant.

*Charles F. Patterson,* with him *George B. Lewis,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3, 1916:

John Marsch, the appellant, had a contract with the Montour Railroad Company for the construction of a portion of its road. On March 11, 1913, he entered into a written subcontract with the legal plaintiffs for certain concrete work and foundation excavations on that part of the road which he was to build. This action was brought by the use-plaintiff to recover the sum of $8,-319.65, balance alleged to be due by the defendant on the subcontract, with interest from February 20, 1914. The affidavit of defense admits that the sum of $168.58 is due by the defendant, and judgment for it and for two items for which credits were claimed, amounting to $1,632.17, was entered on a rule for judgment for want of a sufficient affidavit of defense, with leave to the plaintiff to proceed to trial on the balance of his claim. On this appeal by the defendant in the judgment his only contention is that his affidavit of defense ought to have been regarded as sufficient for an item of credit for $1,-532.17, and assuming, as we now must, that he will be able to sustain his averment as to it on a trial, ought he to be given an opportunity to do so? If he ought, then, under the facts averred in the affidavit of defense, the judgment against him for that item must be reversed.

The affidavit of defense avers that the legal plaintiffs wholly abandoned the work which they had contracted to do for the appellant, and that he thereupon proceeded, under the terms of their contract with him, to complete

it and charged them with the cost thereof. That contract provided that, upon the abandonment of the work by the subcontractors, the appellant was to have the right to complete it at their cost, and in doing so to "employ such necessary labor" as he might deem necessary for the completion of the work. The claim of the appellee, according to the affidavit of defense, is for extra work done by the subcontractors, and the appellant admits that he must pay the appellee the sum he received from the railroad company for such extra work, less credits which he claims for completing the work abandoned by the subcontractors. The credit which he claims for $1,532.17— as to which the court below held the affidavit of defense was insufficient—is fifteen per cent. of the total cost of materials and labor actually paid for by the appellant, and he claims this item under the following averment: "In addition to the payment for materials and labor by defendant, it was necessary for defendant to oversee said work and superintend the same, and therefore it was necessary for defendant's general superintendent and assistant superintendents to devote a large part of their time to the direction and superintendence of said work of completing the contract abandoned by the plaintiff, and, in fact, they did so devote a large part of their time and defendant has charged a proportionate part of the salary of said superintendent and assistant superintendents for the oversight and superintendence of said work. Defendant avers that such oversight and superintendence occupied at least fifty days of time of said superintendent's force, and that the charge made of $1,532.17 is a fair and reasonable charge for said work and was an actual expense upon defendant in the performance of said work, and that the contract abandoned by the plaintiffs could not have been carried out and completed by the defendant without the entailment of said expense."

The proper superintendence of labor done under a contract is often as essential to the completion of it as

the labor itself, and if it was necessary, as the appellant avers, for his general superintendent and assistant superintendents to devote a portion of their time to superintending the completion of the work abandoned by the subcontractors, the appellant is entitled to be compensated for the time which they so gave to the completion of the contract as being an item for "necessary labor," with which the contractors agreed they were to be charged, if they abandoned their work. Whether it was necessary for the appellant to have his superintendent and assistant·superintendents devote a portion of their time to the supervision of the work and, if so, how much, will be questions for a jury, as will be the reasonableness of the charge which he makes for such services, for he cannot make an arbitrary or unreasonable charge for them. He will be entitled to a credit for what they were reasonably worth, in view of what he was paying his superintendent and assistant superintendents for their time. This disputed item must go to a jury, under the averments of the affidavit of defense, and the judgment for it is, therefore, reversed and the record remitted, that the court may modify its judgment accordingly.